# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| JULIE JACOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO: 4:23-cv-00041-JTM-JEM |
| | ) |
| FRANCISCAN ALLIANCE, INC., | ) |
| | ) |
| Defendant. | ) |

## FRANCISCAN ALLIANCE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Defendant Franciscan Alliance, Inc. ("Franciscan"), by counsel, for its Answer to Plaintiff's *Complaint and Demand for Jury Trial* ("Complaint"), and states as follows:

1. Comes now the Plaintiff, Julie Jacot ("Plaintiff" or "Jacot"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Franciscan Alliance, Inc. ("Defendant") under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

**ANSWER:** No answer is required to this introductory paragraph, but to the extent one is, Franciscan admits that the action is brought pursuant to ADA but denies the remainder of the allegations in Paragraph 1 of the Complaint.

## PARTIES

2. Plaintiff has resided within the Northern District of Indiana at all relevant times.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 2 of the Complaint and, therefore, denies all allegations.

3. Defendant is a corporation that operates and conducts business in the Southern District of Indiana.

**ANSWER:** Franciscan admits that it is a Domestic Nonprofit Corporation and it operates hospitals throughout Illinois and Indiana, including the Southern District of Indiana, but denies all remaining allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117.

**ANSWER:** Franciscan admits the allegations in Paragraph 4 of the Complaint.

5. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4).

**ANSWER:** Franciscan admits the allegations in Paragraph 5 of the Complaint.

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5).

**ANSWER:** Franciscan admits the allegations in Paragraph 6 of the Complaint.

7. Plaintiff satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Plaintiff. She now timely files her lawsuit.

**ANSWER:** Franciscan is without sufficient knowledge to admit or deny the allegations in Paragraph 7 of the Complaint and, therefore, denies all allegations.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**ANSWER:** Franciscan admits the allegations in Paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9. Plaintiff is a qualified individual who has been regarded as disabled by the Defendant.

**ANSWER:** Franciscan denies the allegations in Paragraph 9 of the Complaint.

10. Jacot worked as a Registered Nurse at a Franciscan Alliance facility called Franciscan Health Generations Geriatric Behavioral Health ("Generations") located at 1710 Lafayette Avenue in Crawfordsville, Indiana. Generations is an acute inpatient unit for elderly patients with behavioral issues.

**ANSWER:** Franciscan admits that Jacot worked as a Registered Nurse at Franciscan Health Generations Geriatric Behavioral Health located at 1710 Lafayette Avenue in Crawfordsville, Indiana, but denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Jacot was directly involved in patient care duties that required lifting, supporting, and moving patients.

**ANSWER:** Franciscan admits the allegations in Paragraph 11 of the Complaint.

12. Lisa Cruz ("Cruz") worked at Generations at the same time as Jacot and served as a day shift Charge Nurse supervising Jacot and others.

**ANSWER:** Franciscan admits the allegations in Paragraph 12 of the Complaint.

13. Jacot is obese. Throughout Jacot's employment at Generations, Cruz openly criticized Jacot and others about their weight and openly expressed negative opinions regarding people who are obese and their abilities and capabilities. Jacot is informed and believes that Cruz regarded Jacot as disabled because of her size. Cruz made disparaging comments about Jacot and others, including making statements that "it should be illegal to weigh over 160 lbs."

**ANSWER:** Franciscan denies all allegations that Cruz "openly criticized Jacot and others about their weight and openly expressed negative opinions regarding people who are obese and their abilities and capabilities" and that Jacot was regarded as disabled or that any disparaging comments were made to Jacot. Franciscan is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 13 of the Complaint and, therefore, denies all remaining allegations.

14. On or about June 29, 2022, Cruz reported Jacot for an incident involving a combative patient. Cruz was not present and did not witness the incident, despite alleging that Jacot had engaged in intimidation towards the patient.

**ANSWER:** Franciscan denies the allegations in Paragraph 14 of the Complaint.

15. The incident involved showering. Patients at Generations are required to shower twice a week, and staff assists them in showering. Due to their behavioral issues, patients can become hostile when staff are assisting in showers. During the incident in question, Jacot used a commonly accepted technique of running water on one area of the body to calm and secure the cooperation of a combative patient who did not want to take a shower, and she did so successfully.

**ANSWER:** Franciscan denies the allegations in Paragraph 15 of the Complaint.

16. Nevertheless, and although she was not present, Cruz reported the incident and alleged that Jacot had threatened and intimidated the patient. Cruz falsely alleged that the water was cold and that it was used as a form of punishment against the patient.

**ANSWER:** Franciscan denies the allegations in Paragraph 16 of the Complaint.

17. Although Cruz does not having firing authority, Franciscan relied on her report and terminated Jacot on July 5, 2022. Jacot would not have been terminated but for the inaccurate report submitted by Cruz.

**ANSWER:** Franciscan denies the allegations in Paragraph 17 of the Complaint.

18. Jacot is informed and believes that Cruz was motivated to make the inaccurate report because she regarded Jacot as disabled.

**ANSWER:** Franciscan denies the allegations in Paragraph 18 of the Complaint.

19. At all relevant times, Jacot met all legitimate jot expectations. She did not have a prior record of discipline.

**ANSWER:** Franciscan denies the allegations in Paragraph 19 of the Complaint.

20. Defendant, through and/or guided by Cruz, treated Jacot less favorably than other individuals whom Cruz did not regard as disabled. Specifically, Cruz did not report other

employees for other incidents in which combative patients needed to be restrained, and Cruz did not report other employees who engaged in improper patient care practices.

**ANSWER:** Franciscan denies the allegations in Paragraph 20 of the Complaint.

## COUNT I

## ADA – DISABILITY DISCRIMINATION

21. Plaintiff hereby incorporates paragraphs 1-20 of her Complaint.

**ANSWER:** Franciscan incorporates its responses to Paragraphs 1 through 20 as if fully restated in their entirety.

22. Defendant took adverse employment actions against Plaintiff based on her disability, record of disability, and/or perception of her being disabled.

**ANSWER:** Franciscan denies the allegations in Paragraph 22 of the Complaint.

23. Defendant has accorded more favorable treatment to similarly situated employees who are not disabled or regarded as disabled and/or do not have a record of disability.

**ANSWER:** Franciscan denies the allegations in Paragraph 23 of the Complaint.

24. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by the ADA.

**ANSWER:** Franciscan denies the allegations in Paragraph 24 of the Complaint.

25. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

**ANSWER:** Franciscan denies the allegations in Paragraph 25 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Jacot has failed to state a claim upon which relief may be granted.

2. Jacot is barred from recovery because any instances complained of by Jacot in her Complaint were not the result of discrimination. Franciscan's actions towards Jacot were made without regard to any alleged disability of Jacot.

3. Franciscan has legitimate non-discriminatory reasons for all actions it took with respect to Jacot's employment.

4. Even if the trier of fact were to determine that discriminatory motives or reasons played any part in any employment decisions or actions regarding Jacot, which Franciscan denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory reasons.

5. Jacot's claims are barred under the doctrine of estoppel and/or unclean hands.

6. Jacot's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

7. Jacot has failed to reasonably mitigate her damages, thus barring, or reducing her recovery.

8. Franciscan denies all allegations of the Complaint to which no response was given.

9. Franciscan gives notice that it reserves the right to raise any other defenses that may become available or apparent as this case proceeds.

**WHEREFORE**, Defendant Franciscan Alliance, Inc., by counsel, prays that Plaintiff take nothing by way of her Complaint in this action, and the Court enter judgment in favor of Defendant Franciscan Alliance, Inc., for the costs of this action, and for all other just and proper relief.

Dated: July 18, 2023

By: Amy J. Adolay, Atty. No. 23147-49
Elizabeth M. Roberson, Atty. No.34097-64
KRIEG DEVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, IN 46032
Telephone:	(317) 566-1110 (Main)
	(317) 238-6330 (Direct-A. Adolay)
	(317) 238-6342 (Direct–E. Roberson)
Facsimile:	(317) 636-1507
Email:	aadolay@kdlegal.com
	eroberson@kdlegal.com

*Counsel for Defendant Franciscan Alliance, Inc.*

KD_14728449_1.docx